

**ORDERED in the Southern District of Florida on February 9, 2015.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ALI REZA ZARGARAN,

      Debtor.
_____/
KENNETH A. WELT, as Chapter 7 Trustee for
Ali Reza Zargaran,

      Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

      Defendants.
_____/

Case No. 14-24390-RBR
Chapter 7

Adv. Pro. No. 14-01894-RBR

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
<u>LAW PURSUANT TO FED. R. BANKR. P. 9033</u>**

THIS MATTER came before the court for hearing on February 5, 2015, upon the Motion for Final Default Judgment as to All Defendants [ECF No. 20] (the *"Motion"*) filed by Kenneth A. Welt, the chapter 7 trustee (the *"Plaintiff"*). The Motion seeks a default final judgment against defendants ALI REZA ZARGARAN (the *"Debtor"*), MARYAM BAKER (the *"Wife"*), and ALI REZA ZARGARAN, M.D. PA. (the *"Practice,"* and collectively with Debtor and Wife, the *"Defendants"*) The Court, having reviewed the Motion, the case file, the attached affidavit of Kenneth A. Welt, the affidavits of service filed in the case and attached to the Motion for a Clerk's Default, and being duly informed in the premises, makes the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

Because this matter concerns the entry of a default judgment, the Court treats all the well-pled allegations in the complaint [ECF No. 1] (the *"Complaint"*) as true. Thus, the Court finds that:

**Parties**

The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*). The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida. Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida. Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

**Service of Process**

On December 16, 2014, this adversary proceeding began through the filing of a complaint. (the ***"Complaint"***). On December 17, 2014, the clerk issued a summons (the ***"Summons"***) as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.

**Actions which form the basis of the Plaintiff's Complaint**

In June 1993, the Debtor incorporated the Practice. Prior to the Petition Date, the Debtor was the sole shareholder in the Practice. The Practice's sole business was the operation of a medical practice.

At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*). For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor. For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date. On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010. On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014. On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

The Debtor appears to have filed each of the petitions to delay foreclosure sales of his home. As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the **"Scheduled Description"**).

Pursuant to even the Debtor's Scheduled Description, the share in the Practice (the **"Share"**) had (at least) a book value of $526,108.39. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

On October 2, 2014, the United States Trustee (the **"UST"**) filed his *Motion to Convert or Dismiss Case* (the **"UST Motion"**). On October 17, 2014, and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted. The UST Motion was set for hearing on October 23, 2014.

That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

> a) A $462,489.53 transfer to Cornerstone Title San Antonio (the **"Cornerstone Transfer"**); and
>
> b) A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the **"Broadway Transfer"**).

On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the **"Second Broadway Transfer"**).[1]

The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86. By the time the order converting the case (the **"Conversion Order"**) was

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the **"Transfers."**

entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless. The Court finds that the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (***"Real Property"***) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66. The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition, but before the Conversion Order. The Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor.

The Court finds that at all material times, the Debtor has exercised complete dominion and control of the Practice. The Court finds that the Debtor has always had signature authority over the Investment Account, and the assets of the Investment Account were used for the Debtor, not the Practice's benefit. Thus, the Court concludes that the Debtor has disregarded the corporate formalities of the Practice, and the Court finds that the Practice is the Debtor's alter ego, and thus all the assets of the Practice are owned by the bankruptcy Estate under 11 U.S.C. § 541.

The Court also finds that there is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice. The Court finds that the Debtor has commingled the assets of Practice with his own assets; that there is a unity of interest in the Practice given that the Debtor owned the Practice;

and that the Debtor has transferred assets of the Practice without formal observance of corporate formalities.

Specifically, the Court finds that the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them. Thus, the Court concludes that substantive consolidation is necessary to ensure the equitable treatment of all creditors.

Furthermore, because the assets of the Practice were assets of the estate, the Court finds that the Transfers were post-petition transfers of property of the estate, were not authorized by the Bankruptcy Code or an order of the Court, and the Debtor and Wife were transferees of the Transfers.

As to the fiduciary duty claims, the Court finds that as a director of the Practice, the Debtor had a duty to the Practice's shareholders. At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice. Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate. The Debtor held the same duty to the Estate as a Debtor in Possession. The Debtor breached that duty by making the Transfers, which benefitted himself and his wife, but not the Estate. Since the sum total of the Transfers equals $875,161.83, the damages to the Estate are $875,161.83.

As to the §363(h) sale count, the Court finds that partition in kind of the Real Property between the Estate and Wife is impractical. The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds, and the Real Property cannot be subdivided.

The Court finds that the sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife. Thus, the Court concludes that the benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife. The Court also finds that the Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

As part of the Conversion Order, the Debtor was required to:

a) immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

c) by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

d) file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

e) file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

f) file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

g) file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

The Court finds that the Debtor did not comply with a single one of the above-referenced requirements.

Finally, at the hearing, the Trustee requested that the Court take judicial notice of the *Full Case Summary of Bexar County District Court Case* [ECF No. 23]. The Court, having taken judicial notice of the Case Summary, finds that Ali Reza Zargaran has

changed his name to Moshe Goldsmith, thus proposes that any judgment against Ali Reza Zargaran be entered against Ali Reza Zargaran n/k/a Moshe Goldsmith.

## CONCLUSIONS OF LAW

First, the Court makes the following conclusions of law:

1. Service of process comports with due process and Fed. R. Bankr.P. 7004.

2. By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service." Trading publicly traded securities in an investment account is not a 'professional service.'

2. As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

3. As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

4. Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor. Accordingly, the interest of both the Debtor and the Wife in the Real Property is property of the Estate under § 541. Accordingly, title to the Real Property is properly held by the Estate only.

**Jurisdiction and Venue**

This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O). The Plaintiff has asked, without admitting, that the matter be treated as a constitutionally non-core matter. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Analysis Concerning Default Judgments**

The entry of a default judgment against a defendant is a severe remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

Since the defendants do not appear disposed to defend this action, a default judgment against defendants is appropriate. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal and/or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.* 612 F. Supp. 1282 (D.C. Minn. 1985).

**Conclusions as to Judgment**

Thus, the Court concludes that the Plaintiff is entitled to a default final judgment on each count. As a result, the assets of the Practice are deemed assets of the Estate, and the Practice is to be substantively consolidated into the Estate. Furthermore, the Real Property is property of the Estate, and may be sold by the Plaintiff free and clear of any interest of Wife. The Real Property must be turned over to the Plaintiff by the Debtor and Wife.

The Court also determines that the Plaintiff has suffered damages on account of Count IX, X, XI, and XII in the amount of $875,161.83 for which the Debtor is liable. Of that portion, the Debtor and Wife are jointly and severally liable for $462,489.53 on account of counts IX and X. However, to the extent that the Plaintiff realizes any value from the sale of the Real Property, such amount must be credited against, first, the joint and several obligation of Debtor and Wife, and second, the portion for which only Debtor is liable.

Finally, the Court determines that the Debtor is not entitled to a discharge under 11 U.S.C. §§ 727(a)(2)(B) and (a)(6)(A).

Rule 9033 sets forth the procedure to follow with respect to proposed findings of fact and conclusions of law. Under Rule 9033, parties have 14 days after service of these proposed findings of fact and conclusions of law to "serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection."

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Trustee Welt
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:   (305) 358-6363
Telefax:      (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

CGFD81 (11/4/08)

# United States Bankruptcy Court
## Southern District of Florida
www.flsb.uscourts.gov

**Case Number:** 14–24390–RBR         **Adversary Number:** 14–01894–RBR

In re:

**Name of Debtor(s):** Ali Reza Zargaran

─────────────────────────────────────────/

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

─────────────────────────────────────────/

## NOTICE OF ENTRY ON DOCKET OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

    Notice is hereby provided pursuant to Bankruptcy Rule 9033(a) that the proposed findings of fact and conclusions of law (copy attached) in the above referenced proceeding was entered on **2/11/15**.

**Dated: 2/11/15**                                              **CLERK OF COURT**
                                                                                By: **Desiree Grooms**
                                                                                Deputy Clerk

The clerk shall serve this notice and a copy of the proposed findings of fact and conclusions of law on all parties of record.