

**ORDERED in the Southern District of Florida on March 17, 2015.**

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                           Case No. 14-24390-RBR
                                           Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for       Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

**AMENDED[1]**
**ORDER DIRECTING TRANSMITTAL OF THE RECORD**

---

[1] Amended to require transmission only of relevant docket entries, and not of the entire record.

## PURSUANT TO FED. R. BANKR. P. 9033

THIS MATTER came before the court *sua sponte* pursuant to Fed. R. Bankr. P. 9033. The Court has entered *Proposed Findings of Fact and Conclusions of Law* [ECF No. 24]. The clerk sent notice of the same on February 13, 2015. Pursuant to Rule 9033, as extended pursuant to Rule 9006(f), the deadline to object was March 2, 2015. No party has objected. Therefore it is ORDERED that the clerk transmit ECF Nos. 1,2,7,8,9,10,11,12,13,14,15,16,20,23,24, to the district court for the entry of a final judgment pursuant to 28 U.S.C. § 157(c)(2).

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Trustee Welt
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:   (305) 358-6363
Telefax:       (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                              Case No. 14-24390-RBR
                                                    Chapter 7
ALI REZA ZARGARAN,

             Debtor.
_____/

KENNETH A. WELT, as chapter 7 trustee for            Adv. Pro. No. _____
Ali Reza Zargaran,

             Plaintiff,

v.

ALI REZA ZARGARAN,  MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

             Defendants.
_____/

**TRUSTEE'S COMPLAINT FOR DECLARATORY  JUDGMENT, ALTER EGO,
TURNOVER, CONSTRUCTIVE TRUST, INJUNCTION,  SUBSTANTIVE
CONSOLIDATION, UNJUST ENRICHMENT, RECOVERY OF POSTPETITION
TRANSFERS, AND DENIAL OF DISCHARGE**

> Pursuant to Chapter II, Section 2, Paragraph III of the Court's CM/ECF Guide, which requires a clearly defined statement at the beginning of the first page of the Complaint, the Trustee represents that the Estate is currently insolvent and requests the filing fee be deferred

Kenneth A. Welt, the Chapter 7 Trustee (the ***"Trustee"***) for the bankruptcy estate of Ali Reza Zargaran, by and through his undersigned counsel, sues Defendants ALI REZA ZARGARAN (the ***"Debtor"***),  MARYAM BAKER (the ***"Wife"***), and ALI REZA ZARGARAN, M.D. PA. (the ***"Practice"***), and states as follows:

# I.     PARTIES, JURISDICTION AND VENUE

## A.  Parties

1.     The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*).

2.     The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida.

3.     Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

4.     Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

## B.  Jurisdiction and Venue

5.     This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b).

6.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

7.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

# II.    GENERAL ALLEGATIONS

8.     In June 1993, the Debtor incorporated the Practice.

9.     Prior to the Petition Date, the Debtor was the sole shareholder in the Practice.

10.    By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service."

11.    The Practice's sole business was the operation of a medical practice.

12.     At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*).

13.     For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor.

14.     The Trustee is unaware of the initial funding sources for the Investment Account.

15.     For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

16.     Trading publicly traded securities in an investment account is not a 'professional service.'

**A. The Debtor's abuses of the Bankruptcy Code to delay and defraud his creditors.**

17.     The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date.

18.     On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010.

19.     On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014.

20.     On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

21.     Upon information and belief, as evidenced by the repeat filings and dismissals, the Debtor filed each of the petitions to delay foreclosure sales of his home.

22.     As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

**B. The Practice and the Investment Account.**

23.     By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors.

24.     By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code.

25.     On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the *"Scheduled Description"*).

26.     The Trustee believes the 'business liabilities' to be unenforceable insider-debts allegedly owed to the Debtor's wife.

27.     In any event, pursuant to even the Debtor's Scheduled Description, the share in the Practice (the *"Share"*) had (at least) a book value of $526,108.39.

28.     Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

29.     As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

**C. With conversion to chapter 7 imminent, the Debtor empties the Investment Account**

30.     On October 2, 2014, the United States Trustee (the *"UST"*) filed his *Motion to Convert or Dismiss Case* (the *"UST Motion"*).

31.     On October 17, 2014, and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted.

32.     The UST Motion was set for hearing on October 23, 2014.

33.     That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

a)      A $462,489.53 transfer to Cornerstone Title San Antonio (the *"Cornerstone Transfer"*); and

b)      A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the *"Broadway Transfer"*).

34.     On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the *"Second Broadway Transfer"*). [1]

35.     The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86.

36.     By the time the order converting the case (the *"Conversion Order"*) was entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless.

37.     Upon information and belief, the Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (*"Real Property"*) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20.

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the *"Transfers."*

38.     Upon information and belief, the Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor and/or Wife.

## COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Practice under the Court's authority to*
*determine what is property of the Estate that the Practice is the Debtor's alter ego)*

39.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

40.     There exists an actual controversy with respect to whether the Debtor is the actual direct owner of the Investment Account, by virtue of his use of the Practice as his alter ego and a need for a declaration as to whether the Investment Account (and all other assets of the Practice) are owned by the Debtor.

41.     At all material times, the Debtor has exercised complete dominion and control of the Practice.

42.     The Debtor has always had signature authority over the Investment Account.

43.     The assets of the Investment Account were used for the Debtor, not the Practice's benefit.

44.     The Debtor has disregarded the corporate formalities of the Practice.

45.     The Trustee, on behalf of the bankruptcy estate of the Debtor, has suffered actual injury as a result of the depletion of the Investment Account, which injury can be redressed by a finding that the Investment Account (and all other assets of the Practice) are owned by the Debtor.

46.     A finding that the Investment Account (and all other assets of the Practice) are owned by the Debtor is necessary to prevent injustice.

**WHEREFORE,** the Trustee respectfully requests the Court enter a declaratory judgment in favor of the Trustee and against the Practice:

    A.      Determining that the assets of the Practice are property of the Estate;

    B.      Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

    C.      Granting any and all further relief this Court deems fair and equitable.

## COUNT II
## REVERSE VEIL PIERCING
### *(Against all Defendants pursuant to the state law cause of action available to all creditors of the Debtor)*

47.      The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

48.      At all material times, the Debtor has exercised complete dominion and control of the Practice.

49.      The Debtor has always had signature authority over the Investment Account.

50.      The assets of the Investment Account were used for the Debtor, not the Practice's benefit.

51.      The Debtor utilized the Practice as his mere instrumentality in order to defraud his creditors by titling assets which he beneficially owned in the name of the Practice.

52.      The Debtor has disregarded the corporate formalities of the Practice.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Defendants:

    A.      Determining that the assets of the Practice are property of the Estate;

B.      Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.      Granting any and all further relief this Court deems fair and equitable.

**COUNT III**
**SUBSTANTIVE CONSOLIDATION**
*(Against the Practice)*

53.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

54.     As evidenced by the commingling of funds between the Debtor's funds in the Investment Account of the Practice, there is a substantial identity between the Practice and the Debtor.

55.     In the instant case, consolidation of the Practice with the Debtor is necessary to avoid some harm or to realize some benefit.

56.     The following facts favor the substantive consolidation of the Practice into the Debtor's bankruptcy estate:

-   There is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice;

-   The Debtor has commingled the assets of Practice with his own assets;

-   There is a unity of interest in the Practice given that the Debtor owned the Practice; and

-   The Debtor has transferred assets of the Practice without formal observance of corporate formalities.

57.     Specifically, the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of

the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them.

58.     Pursuant to 11 U.S.C. § 105, this Court has the power to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the Title 11.

59.     Given the identity of interest between the Debtor and Practice, it is necessary and appropriate that business affairs of the Practice be administered and resolved in conjunction with the affairs of the Debtor in his bankruptcy case.

60.     Substantive consolidation is necessary to insure the equitable treatment of all creditors, in that the creditors of the Debtor will receive a smaller share of assets if the Practice is not brought into these proceedings, allowing the Debtor to shield assets through Practice.

**WHEREFORE**, the Trustee respectfully requests the Court to enter judgment on his behalf and against the Practice as follows:

A.  Substantively consolidating the Practice into the Debtor's bankruptcy estate; and

B.  Granting any and all further relief that this Court deems just, fair and equitable.

## COUNT IV
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
### *(Declaration against the Debtor and Wife that the Real Property is property of the Estate)*

61.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

62.     There exists an actual controversy with respect to the owner of the Real Property.

63.     The Real Property was acquired on October 24, 2014.

64.     The case was converted on October 27, 2014.

65.     Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor.

66.     The Trustee is informed and believes that the Debtor and Wife have taken record title to the Real Property as community property.

67.     Accordingly, the interest of both the Debtor and the Wife is property of the Estate under § 541.

68.     Accordingly, title to the Real Property is properly held by the Estate only.

69.     A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Debtor and Wife:

A.     Determining that the Real Property is property of the Estate;

B.     Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.     Granting any and all further relief this Court deems fair and equitable.

### COUNT V
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Debtor and Wife that the Real Property is property of the Estate)*
**(in the alternative to Count IV)**

70.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

71.     There exists an actual controversy with respect to the owner of the Real Property.

72.     By virtue of a judgment on Counts I, II, or III, the Real Property was purchased with post-petition Estate assets.

73.     Accordingly, title to the Real Property is properly held by the Estate.

74.     A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Debtor and Wife:

    A.    Determining that the Real Property is property of the Estate;

    B.    Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

    C.    Granting any and all further relief this Court deems fair and equitable.

<div align="center">

**COUNT VI**
**TURNOVER PURSUANT TO 11 U.S.C. § 542**
*(Against Debtor and Wife)*

</div>

75.    The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

76.    Pursuant to 11 U.S.C. § 541, and a judgment on Count IV, the Real Property is property of the Debtor's bankruptcy estate and must be turned over to the Trustee.

77.    Pursuant to 11 U.S.C. § 541, any and all monies earned by the Real Property is property of the Estate.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Debtor and Wife directing the Debtor and Wife to:

    A.    Turn over the Real Property to the Trustee, as well as all monies received therefrom;

    B.    Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

    C.    Granting any and all further relief this Court deems fair and equitable.

## COUNT VII
## CONSTRUCTIVE TRUST
### *(Against Debtor and Wife)*

78.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

79.     As set forth above, the Debtor and Wife purchased the Real Property with Estate Assets.

80.     In order to restore the Real Property to its rightful owner, and to prevent the unjust enrichment of the Debtor and Wife with property of the estate, it is necessary for the Court to impose a constructive trust in favor of the Trustee and the Debtor's estate over the Real Property.

81.     It would be against equity for either Debtor and/or Wife to retain any of their alleged respective interests in the Real Property because such interests were obtained by fraud or other questionable means.

82.     The Real Property is readily identifiable by the Court.

83.     As a result, the Trustee has damages.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Defendants directing the Defendants to:

A.     Imposing a constructive trust on the Real Property in favor of the Trustee;

B.     Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C.     Granting any and all further relief this Court deems fair and equitable.

## COUNT VIII
## INJUNCTION AND OTHER EQUITABLE RELIEF
### *(Against the Debtor and Wife)*

84. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

85. An injunction is necessary in order to prevent the Debtor and Wife from dissipating, secreting or transferring the assets of the Practice to the detriment of the Debtor's creditors and this bankruptcy estate.

86. Unless the Court issues an injunction or some other form of equitable relief to stop Debtor and Wife from dissipating or secreting the assets of the Practice, the Trustee on behalf of the Debtor's estate and his creditors will suffer irreparable harm and will have no adequate remedy at law to recover the assets of Practice for the benefit of the Estate.

87. The threatened injury to the Trustee on behalf of the Debtor's bankruptcy estate and his creditors outweighs any threatened harm an injunction may cause Wife or Debtor.

88. An injunction would serve the public interest because it will dissuade Debtor and Wife from fraudulently transferring and secreting the Practice's assets to avoid payment of the Debtor's creditors, while at the same time enjoying the benefits of the Practice's assets.

**WHEREFORE**, the Trustee respectfully requests that a temporary injunction, or some other form of equitable relief, be granted to stop Debtor and Wife from dissipating or secreting any assets of the Practice, or the proceeds thereof, and any further relief that this Court deems just, fair and equitable.

<div align="center">

**COUNT IX**
**UNJUST ENRICHMENT**
***(Against Debtor and Wife)***

</div>

89. The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

90.     By receiving the benefit of the assets of the Practice, the Estate, as sole shareholder of the Practice, conferred a benefit on Debtor and Wife, each of which having knowledge thereof.

91.     Both Debtor and Wife voluntarily accepted and retained the benefit conferred on them.

92.     The circumstances are such that it would be inequitable for Debtor and Wife to retain the benefit of the without paying the Estate for the value thereof.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against Debtor and Wife, jointly and severally, in the amount of the value of the Practice as of the Petition Date, and any further relief that this Court deems just, fair and equitable.

### COUNT X
### POSTPETITION TRANSFER
### 11 U.S.C. §§ 549 and 550
### (against Debtor and Wife)

93.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

94.     By virtue of a judgment in Count I, II, or III, the Transfers were transfers of property of the Estate.

95.     The Transfers occurred after the commencement of the case.

96.     The Transfers were not authorized by the Bankruptcy Code or an order of the Court.

97.     The Debtor and Wife were the transferees of the Transfers.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor and Wife for the amount of the Transfers, $875,161.83, and any further relief that this Court deems just, fair and equitable.

<div align="center">

**COUNT XI**
**BREACH OF FIDUCIARY DUTY**
*(Against Debtor, as director of Practice)*

</div>

98.     The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

99.     As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

100.    At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice.

101.    Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate.

102.    The Debtor breached that duty by making the Transfers which benefitted himself and his wife, but not the shareholder, the Estate.

103.    The Estate has been damaged.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor in the amount of $875,161.83 or such other amount proved at trial, and any further relief that this Court deems just, fair and equitable.

<div align="center">

**COUNT XII**
**BREACH OF FIDUCIARY DUTY**
*(Against Debtor, as debtor-in-possession)*

</div>

104.    The Trustee reasserts the allegations contained in paragraphs 1 - 38 as if fully set forth herein.

105.    As a debtor-in-possession, the Debtor had a fiduciary duty to the Estate's creditors.

106.    The Debtor breached that duty by making the Transfers which benefitted himself and his wife, but not the Estate or its creditors.

107.    The Estate has been damaged.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Debtor in the amount of $875,161.83 or such other amount proved at trial, and any further relief that this Court deems just, fair and equitable.

<div align="center">

**COUNT XIII**
**SALE PURSUANT TO § 363(h)**
*(Against Debtor and wife)*

</div>

108.    The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

109.    This action is pleaded in the alternative to Counts IV and V, only to the extent the Real Property is found to be held as tenants in common or joint tenants (and not community property), and Wife's interest not found to be property of the Estate.

110.    This is an action against Wife seeking to obtain approval under 11 U.S.C. § 363(h) for the sale of both the of the Debtor and that of Wife, a co-tenant in the Real Property.

111.    Pursuant to Fed. R. Bankr. P 7001, "a proceeding to obtain approval under §363(h) for the sale of both the interest of the estate and of a co-owner in property" must be filed as an adversary proceeding.

112.    Partition in kind of the Real Property between the Estate and Wife is impractical.

113.    The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds.

114.    Upon information and belief, the Real Property cannot be subdivided.

115.    The sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife.

116.    The benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife.

117.    The Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Federal Bankruptcy Rule 7001(3), the Trustee seeks judgment in his favor and against the Debtor and Wife providing that the Trustee may sell the Real Property free and clear of the interests of Wife, subject to proper notice and a hearing in the main case pursuant to Rule 6004.

<div align="center">

**COUNT XIV**
**DENIAL OF DISCHARGE**
**11 U.S.C. § 727(a)(2)(B)**

</div>

118.    The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

119.    By virtue of the Transfers, the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

WHEREFORE, the Trustee requests a judgment denying the Debtor's discharge and providing such other and further relief as is just and equitable.

## COUNT XV
## DENIAL OF DISCHARGE
### 11 U.S.C. § 727(a)(6)(A)

120.    The Trustee realleges and reincorporates the allegations in paragraphs 1 - 38 above as if fully set forth herein.

121.    As part of the Conversion Order, the Debtor was required to:

a)      immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

b)      by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

c)      file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

d)      file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

e)      file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

f)      file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

122.    The Debtor did not comply with a single one of the above-referenced requirements.

123.    Additionally, the Debtor changed his address, and has not informed the Trustee as to where he may be served with an examination notice under Rule 2004.

124.    The §341 Meeting of Creditors was scheduled for December 1, 2014 at 11:30 a.m.

125.    Trustee's counsel wrote to the Debtor, requesting the Debtor's availability for an examination under Fed. R. Bankr. P. 2004. The Debtor did not respond.

126.    The Debtor subsequently failed to appear at the meeting of creditors on December 1, 2014.

127.    As such, the Trustee has been wholly unable to conduct an investigation into the Debtor's financial affairs.

128.    The Debtor has refused to comply with any provision of the Conversion Order.

WHEREFORE, the Trustee requests a judgment denying the Debtor's discharge and providing such other and further relief as is just and equitable.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

Form CGFI14 (10/10/14)

**United States Bankruptcy Court**
**Southern District of Florida**
**www.flsb.uscourts.gov**

**Adversary Number:** 14–01894–RBR

**Case Number:** 14–24390–RBR

In re:

**Name of Debtor(s):** Ali Reza Zargaran

------------------------------------------------ /

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

------------------------------------------------/

ALL DOCUMENTS REGARDING THIS MATTER MUST BE IDENTIFIED BY <u>BOTH</u> ADVERSARY AND BANKRUPTCY CASE NUMBERS

# SUMMONS AND NOTICE OF PRETRIAL/TRIAL
# IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court at the address indicated below within 30 days, pursuant to BR 7012, after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

**Federal Building**
**299 E Broward Blvd, Room 112**
**Ft Lauderdale FL 33301**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney
Lawrence E Pecan
Meland Russin & Budwick, P.A.
200 South Biscayne Blvd.
Suite 3200
Miami, FL 33131

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012. Pursuant to BR 7007.1, and Local Rule 7003–1(B)(2) corporate defendants must file a corporate ownership statement.

*Page 1 of 3*

## PRETRIAL CONFERENCE INFORMATION:

 Date:  **February 10, 2015**

Time:  **09:30 AM**

Location:  **U.S. Courthouse, 299 E Broward Blvd #308, Ft Lauderdale, FL 33301**

## TRIAL INFORMATION:

## THE TRIAL WILL BE SCHEDULED AT THE PRETRIAL CONFERENCE

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



**Clerk of Court**

By: Lorenzo Rodriguez
Deputy Clerk

**Dated:**  December 17, 2014

*Page 2 of 3*

## CERTIFICATE OF SERVICE

I, _____ (name), certify that service of this summons and a
copy of the complaint was made _____ (date) by:

☐   Mail Service: Regular, first class United States mail, postage fully pre–paid, addressed to:


☐   Personal Service: By leaving the process with defendant or with an officer or agent of
     defendant at:


☐   Residence Service: By leaving the process with the following adult at:


☐   Certified Mail Service on an Insured Depository Institution: By sending the process by certified
     mail addressed to the following officer of the defendant at:


☐   Publication: The defendant was served as follows: [Describe briefly]


☐   State Law: The defendant was served pursuant to the laws of the State of
     _____, as follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further certify that
I am, and at all times during the service of process was, not less than 18 years of age and not a party to
the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.


Date: _____      Signature: _____

| Print Name: | | |
|---|---|---|
| Address: | | |
| City: | State: | Zip: |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                          Case No. 14-24390-RBR
                                          Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for        Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

## CERTIFICATE OF SERVICE (SUMMONS SERVICE EXECUTED)

      I HEREBY CERTIFY that I am, and at all times during the service of process was, not

less than 18 years of age and not a party to the matter concerning which service of process was

made.  I further certify that the service of the Trustee's Complaint for Declaratory Judgment,

Alter Ego, Turnover, Constructive Trust, Injunction, Substantive Consolidation, Unjust

Enrichment, Recovery of Postpetition Transfers, and Denial Of Discharge [ECF No. 1],

Summons and Notice of Pretrial/Trial in an Adversary Proceeding [ECF No. 2]; and Order

Setting Filing and Disclosure Requirements for Pretrial and Trial [ECF No. 3] was made on

December 19, 2014, by:

Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to the

defendant at:

> ALI REZA ZARGARAN, M.D., P.A.
> 50 N.E. 26TH AVENUE, #404
> POMPANO BEACH, FL 33062.

Dated: December 22, 2014.

<div style="margin-left:45%">

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee*

</div>

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

CAUSE NO.  14-01894-RBR

| | | |
|---|---|---|
| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

## RETURN OF SERVICE

**Came to hand:**  December 18, 2014, at 04:58 PM

☑      SUMMONS
☑      (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY
        JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 2014  at 06:05 PM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to ALI REZA ZARGARAN  in person a true copy of the above specified civil process having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this 22 day of Dec 2014.

_____
ANDREW C MANGER IV    SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

THE STATE OF TEXAS     §
COUNTY OF ___Bexar___     §
                     §

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.  Given under my hand and seal of office on this the 22 day of ____Dec____, 2014.

_____
Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

196502

14-12-5210.2

29

CAUSE NO. 14-01894-RBR

| | | |
|---|---|---|
| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

## RETURN OF SERVICE

**Came to hand:** December 18, 2014, at 04:58 PM

☑ SUMMONS
☑ (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 2014 at 06:05 PM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to ALI REZA ZARGARAN in person a true copy of the above specified civil process having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit. I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this 22 day of Dec 2014.

ANDREW C MANGER IV    SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

THE STATE OF TEXAS §
COUNTY OF Bexar §
§

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the 22 day of Dec , 2014.

Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

196502

14-12-5210.2

CAUSE NO.  14-01894-RBR

| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

# RETURN OF SERVICE

**Came to hand:**  December 18, 2014, at 04:54 PM

☑ SUMMONS
☞ (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY
   JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 1218  at 06:05 AM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to
MARYAM BAKER   in person a true copy of the above specified civil process having first endorsed on such copy the date
of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any
party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of
sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this 22 day of Dec 2014.

_____
ANDREW C MANGER IV,   SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF Bexar | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the
statements therein contained are true and correct. Given under my hand and seal of office on this the 22 day of
_____Dec_____, 2014.

_____
Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

196497

14-12-5210.1

CAUSE NO. 14-01894-RBR

| | | |
|---|---|---|
| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

## RETURN OF SERVICE

**Came to hand:** December 18, 2014, at 04:54 PM

☑ SUMMONS
☞ (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY
JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 1218 at 06:05 AM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to
MARYAM BAKER in person a true copy of the above specified civil process having first endorsed on such copy the date
of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any
party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit. I am of
sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this 22 day of Dec 2014.

ANDREW C MANGER IV    SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| COUNTY OF Bexar | § | |
| | § | |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be
the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the
statements therein contained are true and correct. Given under my hand and seal of office on this the 22 day of
Dec , 2014.

Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

196497

14-12-5210.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                                      Case No. 14-24390-RBR
                                                      Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for         Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

**CERTIFICATE OF SERVICE (SUMMONS SERVICE EXECUTED)**

     I HEREBY CERTIFY that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.  I further certify that the service of the Trustee's Complaint for Declaratory Judgment, Alter Ego, Turnover, Constructive Trust, Injunction, Substantive Consolidation, Unjust Enrichment, Recovery of Postpetition Transfers, and Denial Of Discharge [ECF No. 1], Summons and Notice of Pretrial/Trial in an Adversary Proceeding [ECF No. 2]; and Order Setting Filing and Disclosure Requirements for Pretrial and Trial [ECF No. 3] was made on December 19, 2014, by:

1
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

33

Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to the

defendant at:

> ALI REZA ZARGARAN, M.D., P.A.
> 50 N.E. 26TH AVENUE, #404
> POMPANO BEACH, FL 33062.

Dated: December 22, 2014.

<div style="text-align:right">

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee*

</div>

2
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

34

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                          Case No. 14-24390-RBR

                                                Chapter 7

ALI REZA ZARGARAN,

            Debtor.

_____/

KENNETH A. WELT, as Chapter 7 Trustee for        Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

            Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

            Defendants.

_____/

## VERIFIED APPLICATION FOR THE ENTRY OF A
## CLERK'S DEFAULT AS TO ALL DEFENDANTS

KENNETH A. WELT, the Chapter 7 trustee (the *"Plaintiff"*) for the bankruptcy estate of Ali

Reza Zargaran (the *"Debtor"*) applies, pursuant to Fed. R. Bankr. P. 7055, and LR 7055-1, for the

for entry of a default as to ALI REZA ZARGARAN, MARYAM BAKER, and ALI REZA

ZARGARAN, M.D. PA. (collectively, the *"Defendants"*).

1.      On December 16, 2014, this case began through the filing of a complaint. [ECF No.1]

(the *"Complaint"*).

2.      On December 17, 2014, the clerk issued a summons [ECF No. 2] (the *"Summons"*)

as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be

served by January 16, 2015.

3.       On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1). A copy of the verified return of service is attached as Exhibit A.

4.       On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1). A copy of the verified return of service is attached as Exhibit B

5.       On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3). A copy of the certificate of service is attached as Exhibit C.

6.       Accordingly, all Defendants have been properly served with the Complaint.

7.       No response of any kind has been served on the Plaintiff as of the 18th day of January, 2015.

8.       Neither Ali Reza Zargaran nor Maryam Baker is a member of the military.

WHEREFORE, KENNETH A. WELT, the Chapter 7 trustee for the bankruptcy estate of Ali Reza Zargaran requests that the clerk enter a default against ALI REZA ZARGARAN, MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA., and enter such other and further relief as is just and appropriate.

I, **Lawrence E. Pecan, declare under penalty of perjury that the foregoing is true and**

**correct.**[1]

Executed on this 18th day of January, 2015.

_[signature]_

Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee Welt*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of January, 2015, I caused a copy of this document and its attachments to be mailed, via US First Class mail, postage fully prepaid, to Ali Reza Zargaran, 1749 SE 10 St, Ft Lauderdale, FL 33316; Ali Reza Zargaran, 10431 Springcroft Court, Helotes, TX 78023; Maryam Baker, 1749 SE 10 St, Ft Lauderdale, FL 33316; Maryam Baker, 10431 Springcroft Court, Helotes, TX 78023; and Ali Reza Zargaran M.D. P.A., 50 N.E. 26TH AVENUE Suite 404, Pompano Beach, FL 33062.

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire

---

[1] This document is executed pursuant to 28 U.S.C. § 1746 and thus is deemed verified, notwithstanding that it is not notarized.

CAUSE NO. 14-01894-RBR

| | | |
|---|---|---|
| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

## RETURN OF SERVICE

**Came to hand:**  December 18, 2014, at 04:58 PM

☑  SUMMONS
☑  (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY
   JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 2014  at  06:05 PM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to ALI REZA ZARGARAN  in person a true copy of the above specified civil process having first endorsed on such copy the date of delivery.


I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.


Every statement in this Return is true and correct
Sworn to this **22** day of **Dec** 2014.

ANDREW C MANGER IV     SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF  Bexar | § |
| | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct.  Given under my hand and seal of office on this the **22** day of _____Dec_____, 2014.

Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

196502

14-12-5210.2

38

CAUSE NO.  14-01894-RBR

| | | |
|---|---|---|
| KENNETH A. WELT | § | IN THE |
| | § | |
| | § | |
| VS | § | UNITED STATES BANKRUPTCY COURT |
| | § | |
| ALIREZA ZARGARAN ET AL | § | |
| | § | FORT LAUDERDALE DIVISION, FL |

## RETURN OF SERVICE

**Came to hand:**  December 18, 2014, at 04:54 PM

☑     SUMMONS
☑     (AND NOTICE OF PRETRIAL/TRIAL), TRUSTEE'S COMPLAINT FOR DECLARATORY
JUDGEMENT AND ORDER SETTING REQUIREMENTS TO, MARYAM BAKER, AS DIRECTED

**Executed on:** December 18, 1218  at 06:05 AM.

**Executed at:** 10431 SPRINGCROFT COURT HELOTES, TX 78023, within the county of BEXAR, by delivering to MARYAM BAKER   in person a true copy of the above specified civil process having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit.  I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Every statement in this Return is true and correct
Sworn to this 22 day of Dec 2014.

ANDREW C MANGER IV   SCH #822
Expiration Date: 08/31/2017

## VERIFICATION

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF  Bexar | § |

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal of office on this the 22 day of ___Dec___, 2014.

Notary Public

COSHENA MEYER
Notary Public, State of Texas
My Commission Expires
April 19, 2018

14-12-5210.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                         Case No. 14-24390-RBR
                                         Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/
KENNETH A. WELT, as Chapter 7 Trustee for        Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

**CERTIFICATE OF SERVICE (SUMMONS SERVICE EXECUTED)**

      I HEREBY CERTIFY that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of the Trustee's Complaint for Declaratory Judgment, Alter Ego, Turnover, Constructive Trust, Injunction, Substantive Consolidation, Unjust Enrichment, Recovery of Postpetition Transfers, and Denial Of Discharge [ECF No. 1], Summons and Notice of Pretrial/Trial in an Adversary Proceeding [ECF No. 2]; and Order Setting Filing and Disclosure Requirements for Pretrial and Trial [ECF No. 3] was made on December 19, 2014, by:

1

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

40

Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to the

defendant at:

> ALI REZA ZARGARAN, M.D., P.A.
> 50 N.E. 26TH AVENUE, #404
> POMPANO BEACH, FL 33062.

Dated: December 22, 2014.

<div style="text-align:right">

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Trustee*

</div>

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

Form CGFD61  (9/19/08)

### United States Bankruptcy Court
### Southern District of Florida
### www.flsb.uscourts.gov

**Case Number:**  14–24390–RBR                    **Adversary Number:** 14–01894–RBR

In re:

**Name of Debtor(s):**  Ali Reza Zargaran

————————————————————————————————/

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

————————————————————————————————/


# ENTRY OF DEFAULT


    A motion for entry of default has been filed pursuant to Local Rule 7055–1. It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law:

| Name:  **ALI REZA ZARGARAN** |
| --- |


    Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.


**Dated: <u>1/20/15</u>**                                    **CLERK OF COURT**
                                                             By: <u>Desiree Grooms</u>
                                                             Deputy Clerk (954) 769–5700


The clerk shall serve a copy of the Entry of Default on all parties to the adversary proceeding

Form CGFD61  (9/19/08)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number:  14–24390–RBR                    Adversary Number: 14–01894–RBR

In re:

**Name of Debtor(s):**  Ali Reza Zargaran

————————————————————————————/

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

————————————————————————————/

# ENTRY OF DEFAULT

    A motion for entry of default has been filed pursuant to Local Rule 7055–1. It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law:

| Name:  **MARYAM BAKER** |
| --- |

    Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.

**Dated:** <u>1/20/15</u>                    **CLERK OF COURT**
By: <u>Desiree Grooms</u>
Deputy Clerk (954) 769–5700

The clerk shall serve a copy of the Entry of Default on all parties to the adversary proceeding

Form CGFD61  (9/19/08)

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

Case Number:  14–24390–RBR                          Adversary Number: 14–01894–RBR

In re:

**Name of Debtor(s):** Ali Reza Zargaran

——————————————————————————————————/

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

——————————————————————————————————/

# ENTRY OF DEFAULT

    A motion for entry of default has been filed pursuant to Local Rule 7055–1. It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law:

| |
|---|
| Name:  **ALIZ REZA ZARGARAN MD PA** |

    Therefore, default is entered against the defendant as authorized by Bankruptcy Rule 7055.

**Dated: <u>1/20/15</u>**                          **CLERK OF COURT**
                                        By: <u>Desiree Grooms</u>
                                        Deputy Clerk (954) 769–5700

The clerk shall serve a copy of the Entry of Default on all parties to the adversary proceeding

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                        Case No. 14-24390-RBR

                                              Chapter 7

ALI REZA ZARGARAN,

              Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for      Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

              Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

              Defendants.
_____/

## PLAINTIFF'S MOTION FOR FINAL JUDGMENT
## AFTER CLERK'S DEFAULT AGAINST ALL DEFENDANTS

       KENNETH A. WELT, the Chapter 7 trustee (the *"Plaintiff"*) for the bankruptcy estate of

Ali Reza Zargaran (the *"Debtor"*) applies, pursuant to Fed. R. Civ. P. 55, made applicable to this

Adversary Proceeding by Fed. R. Bankr. P. 7055 and Bankruptcy Local Rule 7055-1, for entry of

the attached Final Judgment after Default, against Defendants ALI REZA ZARGARAN,

MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA. (collectively, the *"Defendants"*).

In support thereof, the Plaintiff states as follows:

       1.     On December 16, 2014, this case began through the filing of a complaint. [ECF

No.1] (the *"Complaint"*).

       2.     On December 17, 2014, the clerk issued a summons [ECF No. 2] (the

1
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

45

*"Summons")* as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

3.      On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

4.      On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

5.      On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.[1]

6.      No response of any kind was served upon the Plaintiff.

7.      Accordingly, all Defendants were been properly served with the Complaint, but failed to respond.

8.      On January 20, 2015, the clerk entered a default against Ali Reza Zargaran. [ECF No. 14].

9.      On January 20, 2015, the clerk entered a default against Maryam Baker. [ECF No. 15].

10.      On January 20, 2015, the clerk entered a default against Ali Reza Zargaran, M.D.,

---

[1] The mail was returned as undeliverable, as the Debtor closed the practice without forwarding its mail. However, on December 22, Lawrence Pecan, who is also counsel for the Plaintiff, was appointed as Registered Agent for the practice, and Kenneth A. Welt, by virtue of the bankruptcy, is the sole shareholder and director of the practice, and has no objection to the entry of default judgment. Clearly, default judgment is appropriate.

P.A.. [ECF No. 16].

11.     Pursuant to L.R. 7055-1, attached as Exhibit A is the Plaintiff's affidavit supporting the calculation of the amount of damages sought against the Defendants.

12.     The Plaintiff believes all claims in this adversary proceeding to be both statutorily and constitutionally core. However, whether an alter ego claim (and thus the other claims which depend on it) is constitutionally core (and *stem from the bankruptcy itself*) remains before the United States Supreme Court in *Wellness Int'l Network, Ltd. v. Sharif*, 134 S. Ct. 2901, 189 L. Ed. 2d 854 (2014). Thus, the Plaintiff requests that the court enter proposed findings of fact, and conclusions of law, in accordance with *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173, 189 L. Ed. 2d 83 (2014) (allowing courts to treat possible *Stern* claims as non-core). Attached as Exhibit B are the proposed findings of fact and conclusions of law, as proposed by the Plaintiff.

13.     Attached as Exhibit C is a proposed order of the District Court adopting the Bankruptcy Court's proposed findings of fact and conclusions of law and granting this Motion.

14.     Attached as Exhibit D is a proposed final judgment of the District Court in this action.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

WHEREFORE, KENNETH A. WELT, the Chapter 7 trustee for the bankruptcy estate of Ali Reza Zargaran requests that default judgment be entered against ALI REZA ZARGARAN, MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA., and enter such other and further relief as is just and appropriate.

By:     s/ Lawrence E. Pecan
       Lawrence E. Pecan, Esquire
       Florida Bar No. 99086
       lpecan@melandrussin.com
       MELAND RUSSIN & BUDWICK, P.A.
       200 South Biscayne Blvd., Ste. 3200
       Miami, Florida  33131
       Telephone: (305) 358-6363
       Telecopy: (305) 358-1221

       *Attorneys for Trustee Welt*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2015, I caused a copy of this document and its attachments to be mailed, via US First Class mail, postage fully prepaid, to Ali Reza Zargaran, 1749 SE 10 St, Ft Lauderdale, FL 33316; Ali Reza Zargaran, 10431 Springcroft Court, Helotes, TX 78023; Maryam Baker, 1749 SE 10 St, Ft Lauderdale, FL 33316; Maryam Baker, 10431 Springcroft Court, Helotes, TX 78023; and Ali Reza Zargaran M.D. P.A., 50 N.E. 26TH AVENUE Suite 404, Pompano Beach, FL 33062.

        s/ Lawrence E.  Pecan
       Lawrence E. Pecan, Esquire

4
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-2/01561643.DOCX.}

48

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 14-24390-RBR

                                                          Chapter 7

ALI REZA ZARGARAN,

            Debtor.

_____/

KENNETH A. WELT, as Chapter 7 Trustee for          Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

            Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

            Defendants.

_____/

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR
FINAL JUDGMENT AFTER CLERK'S DEFAULT AGAINST ALL DEFENDANTS**

STATE OF FLORIDA          )
                          ) ss:
COUNTY OF BROWARD         )

      I, Kenneth A. Welt, being duly sworn, say:

      1.      I am the Plaintiff[1] in the above captioned action.

      2.      This Affidavit is made upon my own knowledge and the purpose of this affidavit

is to support the calculation of the amount of damages sought from Ali Reza Zargaran (the

---

[1] All capitalized terms not defined in this Affidavit shall have the meaning given to them in the
Complaint filed in this adversary proceeding.

{Firm Clients/5526/5526-2/01561662.DOC.}

**EXHIBIT A     49**

"*Debtor*"), Maryam Baker (the "*Wife*"), and Ali Reza Zargaran M.D. P.A. (the "*Practice*") (collectively, the "*Defendants*").

3.      I have reviewed certain bank account records of the Debtor and the Practice.

4.      I have reviewed the Complaint that commenced this adversary proceeding and the *Motion for Final Judgment After Clerk's Default Against all Defendants*.

5.      Based upon my investigation, I have determined that the Debtor made several post-petition transfers to or for the benefit of the Defendants, which total $875,161.83.

6.      I have reviewed wire transfer receipts from TD Ameritrade, which are attached as EXHIBIT 1, which show that on October 23, 2014, the Debtor made several post-petition transfers from a TD Ameritrade investment account titled in the Practice's name as detailed below:

    a.  A $462,489.53 transfer to Cornerstone Title San Antonio (the "*Cornerstone Transfer*");

    b.  A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the "*Broadway Transfer*").

7.      Based upon those same wire receipts, I have concluded that on October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the "*Second Broadway Transfer*")[2].

8.      The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property ("*Real Property*") located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66.

---

[2] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the "*Transfers*."

9.      The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition.

10.     The Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned by the Debtor.

11.     Accordingly the Estate's total damages on account of the Transfers, is $875,161.83. All of that amount is attributable to the Debtor. However, only the $462,489.53 Cornerstone Transfer was for the benefit of *both* the Debtor and Wife. Thus, the Estate's damages are $875,161.83 as to the Debtor, with a $462,489.53 portion of such amount attributable to both the Debtor and Wife jointly.

FURTHER AFFIANT SAYETH NAUGHT.



By: _____

Kenneth A. Welt

The foregoing instrument was acknowledged before me this 23 day of January, 2015, by Kenneth A. Welt, who is personally known to me and who did not take an oath.

Commission:                    _____

Notary Public, State of Florida

**LAURA BYRON**
MY COMMISSION #FF114492
EXPIRES April 20, 2018
(407) 398-0153   FloridaNotaryService.com

{Firm Clients/5526/5526-2/01561662.DOC.}

**EXHIBIT 1**

| Cash Disbursement: 11531395 | |
|---|---|
| **Amount:** $462,489.53 | **Requested On:** 10/23/2014 10:22:22 |
| **Date To Send:** 10/23/2014 | **Created By:** HUN752 / BOS |
| **End Date :** | **Send Now Flag:** No |
| **Frequency:** One-Time | **Money Mkt Redemp:** No |
| **Transfer Type:** Wire | **Charge Fees To:** 867-022220 |
| **Transfer Method:** Mortgage/Escrow Account | **Fee Ovr Initials:** |
| **Bank ID:** WellsFargo | **Tracking #:** 1023I1B7031R035228 |
| | **Trans Code:** WOTP(Third Party) |

| Transaction Comments | |
|---|---|
| *no comment entered* | *no comment entered* |

| Contact Information | |
|---|---|
| Name: ZARGARAN ALI     Phone: 954-850-0058     Email: ZARGARANKIAAN@GMAIL.COM | |
| Street: 1300 NE MIAMI GARDENS DR APT 519 | |
| City: MIAMI     State: FL     Zip: 33179-4782     Nation: | |

| Mortgage/Escrow Account Information | |
|---|---|
| **LOA on File:** No | **DOC ID:** |
| **Beneficiary Bank:** JP Morgan Chase | **City:** New York |
| **ABA/Routing #:** 021000021 | **State:** NY |
| **Receiving Company:** Cornerstone Title San Antonio Rylan | **Account Number:** 220031117 |
| | **Account Number:** 10596 |
| **For Benefit of:** ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | **Previous Wire Instruction:** No |
| **Comments:** 10431 Spring Cross Court Helotes, TX 78023 | |

| Notes | Fees |
|---|---|
| | |

| Cash Disbursement: 11531421 | |
|---|---|
| **Amount:** $401,510.00 | **Requested On:** 10/23/2014 10:27:26 |
| **Date To Send:** 10/23/2014 | **Created By:** HUN752 / BOS |
| **End Date :** | **Send Now Flag:** No |
| **Frequency:** One-Time | **Money Mkt Redemp:** No |
| **Transfer Type:** Wire | **Charge Fees To:** 867-022220 |
| **Transfer Method:** Domestic: One Bank | **Fee Ovr Initials:** |
| **Bank ID:** WellsFargo | **Tracking #:** 1023I1B7031R034564 |
| | **Trans Code:** WOTP(Third Party) |

| Transaction Comments | |
|---|---|
| *no comment entered* | *no comment entered* |

| Contact Information | |
|---|---|
| Name: ZARGARAN ALI     Phone: 954-850-0058     Email: ZARGARANKIAAN@GMAIL.COM | |
| Street: 1300 NE MIAMI GARDENS DR APT 519 | |
| City: MIAMI     State: FL     Zip: 33179-4782     Nation: | |

| Domestic: One Bank Information | |
|---|---|
| **LOA on File:** No | **DOC ID:** |
| **Bank Name:** Broadway Savings | **City:** San Antonio |
| **ABA/Routing #:** 114021933 | **State:** TX |
| | **Account Number:** 4100052618 |
| **For Benefit of:** ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | **Previous Wire Instruction:** Yes |

| Cash Disbursement: 11535614 | | | |
|---|---|---|---|
| Amount: | $11,162.30 | Requested On: | 10/24/2014 11:08:23 |
| Date To Send: | 10/24/2014 | Created By: | REE683 / BOS |
| End Date : | | Send Now Flag: | No |
| Frequency: | One-Time | Money Mkt Redemp: | No |
| Transfer Type: | Wire | Charge Fees To: | 867-022220 |
| Transfer Method: | Domestic: One Bank | Fee Ovr Initials: | |
| Bank ID: | WellsFargo | Tracking #: | 1024I1B7031R042327 |
| | | Trans Code: | WOAC(Like Titled) |

| Transaction Comments | |
|---|---|
| no comment entered | no comment entered |

| Contact Information | | |
|---|---|---|
| Name: ZARGARAN ALI | Phone: 954-850-0058 | Email: ZARGARANKIAAN@GMAIL.COM |
| Street: 1300 NE MIAMI GARDENS DR APT 519 | | |
| City: MIAMI | State: FL    Zip: 33179-4782 | Nation: |

| Domestic: One Bank Information | | | |
|---|---|---|---|
| LOA on File: | No | DOC ID: | |
| Bank Name: | Broadway Savings | City: | San Antonio |
| ABA/Routing #: | 114021933 | State: | TX |
| | | Account Number: | 4100052618 |
| For Benefit of: | ALI REZA ZARGARAN MD PA ATTN: ALI ZARGARAN | Previous Wire Instruction: | Yes |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                                  Case No. 14-24390-RBR
                                                  Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for         Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
LAW PURSUANT TO FED. R. BANKR. P. 9033**

1

**EXHIBIT B**   54

THIS MATTER came before the court for hearing on _____, upon the Motion for Final Default Judgment as to All Defendants [ECF No. ____] (the *"Motion"*) filed by Kenneth A. Welt, the chapter 7 trustee (the *"Plaintiff"*). The Motion seeks a default final judgment against defendants ALI REZA ZARGARAN (the *"Debtor"*), MARYAM BAKER (the *"Wife"*), and ALI REZA ZARGARAN, M.D. PA. (the *"Practice,"* and collectively with Debtor and Wife, the *"Defendants"*) The Court, having reviewed the Motion, the case file, the attached affidavit of Kenneth A. Welt, the affidavits of service filed in the case and attached to the Motion for a Clerk's Default, and being duly informed in the premises, makes the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

Because this matter concerns the entry of a default judgment, the Court treats all the well-pled allegations in the complaint [ECF No. 1] (the *"Complaint"*) as true. Thus, the Court finds that:

### Parties

The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*). The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida. Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida. Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

### Service of Process

On December 16, 2014, this adversary proceeding began through the filing of a

complaint. (the *"Complaint"*). On December 17, 2014, the clerk issued a summons (the *"Summons"*) as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.

**Actions which form the basis of the Plaintiff's Complaint**

In June 1993, the Debtor incorporated the Practice. Prior to the Petition Date, the Debtor was the sole shareholder in the Practice. The Practice's sole business was the operation of a medical practice.

At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*). For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor. For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

3

The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date. On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010. On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014. On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

The Debtor appears to have filed each of the petitions to delay foreclosure sales of his home. As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the *"Scheduled Description"*).

Pursuant to even the Debtor's Scheduled Description, the share in the Practice (the *"Share"*) had (at least) a book value of $526,108.39. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

On October 2, 2014, the United States Trustee (the *"UST"*) filed his *Motion to Convert or Dismiss Case* (the *"UST Motion"*). On October 17, 2014, and October 20, 2014, both

Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted. The UST Motion was set for hearing on October 23, 2014.

That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

        a)     A $462,489.53 transfer to Cornerstone Title San Antonio (the ***"Cornerstone Transfer"***); and

        b)     A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the ***"Broadway Transfer"***).

On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the ***"Second Broadway Transfer"***). [1]

The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86. By the time the order converting the case (the ***"Conversion Order"***) was entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless. The Court finds that the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (***"Real Property"***) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66. The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition, but before the Conversion Order. The Broadway Transfer and

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the ***"Transfers."***

Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor.

The Court finds that at all material times, the Debtor has exercised complete dominion and control of the Practice. The Court finds that the Debtor has always had signature authority over the Investment Account, and the assets of the Investment Account were used for the Debtor, not the Practice's benefit. Thus, the Court concludes that the Debtor has disregarded the corporate formalities of the Practice, and the Court finds that the Practice is the Debtor's alter ego, and thus all the assets of the Practice are owned by the bankruptcy Estate under 11 U.S.C. § 541.

The Court also finds that there is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice. The Court finds that the Debtor has commingled the assets of Practice with his own assets; that there is a unity of interest in the Practice given that the Debtor owned the Practice; and that the Debtor has transferred assets of the Practice without formal observance of corporate formalities.

Specifically, the Court finds that the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them. Thus, the Court concludes that substantive consolidation is necessary to ensure the equitable treatment of all creditors.

Furthermore, because the assets of the Practice were assets of the estate, the Court finds that the Transfers were post-petition transfers of property of the estate, were not authorized by the Bankruptcy Code or an order of the Court, and the Debtor and Wife were transferees of the Transfers.

6

As to the fiduciary duty claims, the Court finds that as a director of the Practice, the Debtor had a duty to the Practice's shareholders. At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice. Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate. The Debtor held the same duty to the Estate as a Debtor in Possession. The Debtor breached that duty by making the Transfers, which benefitted himself and his wife, but not the Estate. Since the sum total of the Transfers equals $875,161.83, the damages to the Estate are $875,161.83.

As to the §363(h) sale count, the Court finds that partition in kind of the Real Property between the Estate and Wife is impractical. The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds, and the Real Property cannot be subdivided. The Court finds that the sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife. Thus, the Court concludes that the benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife. The Court also finds that the Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

Finally, as part of the Conversion Order, the Debtor was required to:

    a)    immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

    b)    by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

    c)    file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

    d)    file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

e)    file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

f)    file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

The Court finds that the Debtor did not comply with a single one of the above-referenced requirements.

## CONCLUSIONS OF LAW

First, the Court makes the following conclusions of law:

1.    Service of process comports with due process and Fed. R. Bankr.P. 7004.

2.    By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service." Trading publicly traded securities in an investment account is not a 'professional service.'

3.    As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

4.    As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

5.    Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor. Accordingly, the interest of both the Debtor and the Wife in the Real Property is property of the Estate under § 541. Accordingly, title to the Real Property is properly held by the Estate only.

### Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).  The Plaintiff has asked, without admitting, that the

8

matter be treated as a constitutionally non-core matter. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### Analysis Concerning Default Judgments

The entry of a default judgment against a defendant is a severe remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

Since the defendants do not appear disposed to defend this action, a default judgment against defendants is appropriate. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal and/or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.* 612 F. Supp. 1282 (D.C. Minn. 1985).

### Conclusions as to Judgment

Thus, the Court concludes that the Plaintiff is entitled to a default final judgment on each count. As a result, the assets of the Practice are deemed assets of the Estate, and the Practice is to be substantively consolidated into the Estate. Furthermore, the Real Property is property of the Estate, and may be sold by the Plaintiff free and clear of any interest of Wife. The Real Property must be turned over to the Plaintiff by the Debtor and Wife.

The Court also determines that the Plaintiff has suffered damages on account of Count IX, X, XI, and XII in the amount of $875,161.83 for which the Debtor is liable. Of that portion, the Debtor and Wife are jointly and severally liable for $462,489.53 on account of counts IX and X. However, to the extent that the Plaintiff realizes any value from the sale of the Real Property, such amount must be credited against, first, the joint and several obligation of Debtor and Wife, and second, the portion for which only Debtor is liable.

Finally, the Court determines that the Debtor is not entitled to a discharge under 11 U.S.C. §§ 727(a)(2)(B) and (a)(6)(A).

Rule 9033 sets forth the procedure to follow with respect to proposed findings of fact and conclusions of law. Under Rule 9033, parties have 14 days after service of these proposed findings of fact and conclusions of law to "serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection."

<center>###</center>

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Trustee Welt
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 358-6363
Telefax:         (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.: _____**

In re:                                                    Case No. 14-24390-RBR

                                                          Chapter 7

ALI REZA ZARGARAN,

          Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for        L.T. Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

          Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

          Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION**
**FOR FINAL JUDGMENT AGAINST ALL DEFENDANTS**

     **THIS CAUSE** having come before the Court, upon Plaintiff's Motion for Final

Judgment after Clerk's Default against all Defendants [ECF No___] (the "***Motion***"), filed by

Kenneth A. Welt, the Chapter 7 trustee (the "***Plaintiff***") for the bankruptcy estate of Ali Reza

Zargaran (the "***Debtor***"), pursuant to *Fed. R. Civ. P.* 7055, made applicable to this Adversary

Proceeding by *Fed. R. Bankr. P.* 7055 and Bankruptcy Local Rule 7055-1, upon the entries of

default by the Clerk [ECF Nos. 14, 15, and 16], and after the failure of Defendants ALI REZA

ZARGARAN, MARYAM BAKER, and ALI REZA ZARGARAN, M.D. PA. (collectively, the

"***Defendants***") to timely file responsive pleadings in this Adversary Proceeding.

**EXHIBIT C**    64

The Bankruptcy Court has submitted its *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court, which sets forth that the Motion should be granted.

After an independent *de novo* review of the record in this matter, and noting that no objections were timely filed, the Court agrees entirely with the *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court. Therefore it is

**ORDERED** as follows:

1.      The *Proposed Findings of Fact and Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court is ADOPTED and CONFIRMED and made a part of this Order

2.      The Motion is **GRANTED**.

3.      A Final Judgment against each of the Defendants shall be entered separately.

SO ORDERED, this ___ day of _____ 2015.


_____

UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO.: _____

In re:                                                    Case No. 14-24390-RBR

                                                          Chapter 7

ALI REZA ZARGARAN,

      Debtor.

_____/

KENNETH A. WELT, as Chapter 7 Trustee for              L.T. Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

      Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

      Defendants.

_____/

## FINAL JUDGMENT AFTER CLERK'S DEFAULT
## AGAINST ALL DEFENDANTS

      **THIS CAUSE** having come before the Court upon Plaintiff's Motion for Final Judgment

After Clerk's Default against all Defendants (the "***Motion***")[1], filed by Kenneth A. Welt (the

"***Plaintiff***"), in his capacity as Chapter 7 trustee for the bankruptcy estate of Ali Reza Zargaran,

pursuant to *Fed. R. Civ. P.* 55, made applicable to this Adversary Proceeding by *Fed. R. Bankr.*

*P.* 7055, following the entry of a Clerk's Default against Defendants, Ali Reza Zargaran,

Maryam Baker, and Ali Reza Zargaran, M.D., P.A., (collectively, the "***Defendants***") [Bankr.

ECF No. 14, 15, and 16, respectively] in this Adversary Proceeding.  Consistent with Fed. R.

Bankr. P. 7055 and 9021, and this court's prior adoption of the *Proposed Findings of Fact and*

_____

[1]  All capitalized terms not defined in this Final Judgment shall have the meaning given to them
in the Motion.

1

*Conclusions of Law Pursuant to Fed. R. Bankr. P. 9033* of the Bankruptcy Court, it is ORDERED and ADJUDGED that.

1.      Final Judgment is entered in favor of Plaintiff and against Defendants on Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XV.

2.      The assets of Ali Reza Zargaran, M.D., P.A. are property of the Debtor's bankruptcy estate (the "***Estate***"), and the assets may be recovered by the Plaintiff for benefit to the Estate.

3.      Ali Reza Zargaran, M.D., P.A. (the "***Practice***") is hereby substantively consolidated into the Debtor's bankruptcy estate.

4.      As to Counts IV and V, the real property located at 10431 Springcroft Court, Helotes, TX 78023 (the "***Real Property***"), described as:

> Lot 20, Block 8, C.B. 4557, BRIDGEPOINT UNITS 8 & 15 ENCLAVE, a subdivision in Bexar County, Texas according to the plat thereof recorded in Volume 9621, Page(s) 78 and 79, Deed and Plat Records of Bexar County, Texas,

is deemed property of the Estate.

5.      Defendants Ali Reza Zargaran and Maryam Baker are directed to immediately turn over the Real Property to the Plaintiff, as well as all monies received therefrom.

6.      The Plaintiff is the sole owner of the Real Property.

7.      Ali Reza Zargaran and Maryam Baker have no interest in the Real Property.

8.      The Trustee has authority to sell the Real Property free and clear of any interest of Ali Reza Zargaran and Maryam Baker subject to proper notice and a hearing in the Debtor's main bankruptcy case pursuant to Fed. R. Bankr. P. 6004.

9.      Ali Reza Zargaran and Maryam Baker are enjoined from dissipating or secreting any assets of the Practice, or the proceeds thereof.

10. Final Judgment is entered in favor of Plaintiff, on behalf of the Estate, and against ALI REZA ZARGARAN and MARYAM BAKER as follows: Plaintiff shall have and recover $412,672.30 from ALI REZA ZARGARAN. In addition to such amount, Plaintiff shall also have and recover $462,489.53 from ALI REZA ZARGARAN and MARYAM BAKER jointly, which amounts shall bear interest from this date forward at the prevailing legal rate of interest.

11. Any proceeds from the sale of the Real Property shall be credited first against the joint obligation of Ali Reza Zargaran and Maryam Baker, and then to the individual, separate obligation of Ali Reza Zargaran.

12. Ali Reza Zargaran shall not receive a discharge in his chapter 7 bankruptcy proceeding, Case No. 14-24390-RBR.

13. The Court reserves jurisdiction to enter any further orders or take any other actions that may be necessary in connection with this matter, including but not limited to, the issuance of writs of execution.

14. The last known address of Defendants ALI REZA ZARGARAN and MARYAM BAKER is as follows: 10431 Springcroft Court, Helotes, TX 78023.

15. The Plaintiff's address is: Kenneth A. Welt, by and through Lawrence E. Pecan, Esq., Meland Russin & Budwick, P.A., 200 South Biscayne Blvd., Suite 3200, Miami, Florida 33131.

SO ORDERED, this ___ day of _____ 2015.

_____
UNITED STATES DISTRICT JUDGE

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No. 14-24390-RBR
                                                          Chapter 7
ALI REZA ZARGARAN,

            Debtor.
_____/
KENNETH A. WELT, as Chapter 7 Trustee for                 Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

            Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

            Defendants.
_____/

### NOTICE OF FILING

Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee (the **"Trustee"**), by and through

undersigned counsel, provides notice upon all parties in this proceeding, of Ali Reza Zargaran's

Petition for Name Change in the Bexar County District Court; Cause Number 2014CI9219 (the

**"Bexar Case"**), which was granted on December 16, 2014. Ali Reza Zargaran is now known as

Moshe Goldsmith. A copy of the Full Case Summary of the Bexar Case is attached hereto.


REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 3, 2015, via U.S. Mail upon: Ali Reza Zargaran, 1749 SE 10 St, Ft Lauderdale, FL 33316; Ali Reza Zargaran, 10431 Springcroft Court, Helotes, TX 78023; Maryam Baker, 1749 SE 10 St, Ft Lauderdale, FL 33316; Maryam Baker, 10431 Springcroft Court, Helotes, TX 78023; and Ali Reza Zargaran M.D. P.A., 50 N.E. 26TH Avenue Suite 404, Pompano Beach, FL 33062.

s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

2
LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363

70

# Case History

*Currently viewing 1 through 10 of 10 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 12/11/2014 | PETITION FOR CHANGE OF NAME |
| P00002 | 12/11/2014 | CIVIL CASE INFORMATION SHEET |
| P00003 | 12/11/2014 | ACKNOWLEDGMENT OF PROPRIA PERSONA PARTY |
| P00004 | 12/15/2014 | NOTICE OF ENTRY OF APPEARANCE OF ATTORNEY OF<br>PATRICK J TOSCANO AS RETAINED COUNSEL<br>FOR ALI REZA ZARGARAN |
| P00005 | 12/16/2014 | CASE CLOSED FINAL JUD AFTER NON JURY TRIAL |
| P00006 | 12/16/2014 | LETTER FROM STAFF ATTORNEY MAILED TO:<br>MR ALI R ZARGARAN |
| O00001 | 12/16/2014 | ORDER GRANTING CHANGE OF NAME<br>OF ADULT<br>JUDGE: DAVID A. CANALES<br>VOL: 4322 PAGE: 483 PAGE COUNT: 3 |
| S00001 | 12/18/2014 | NOTICE OF ORDER RULE 306A<br>ALI REZA ZARGARAN<br>ISSUED: 12/18/2014 |
| S00002 | 12/18/2014 | NOTICE OF ORDER RULE 306A<br>PATRICK TOSCANO<br>ISSUED: 12/18/2014 |
| T00007 | 1/5/2015 | NON-JURY<br>PRO SE DOCKET<br>COURT: 109 TRIAL DATE & TIME: 2/4/2015 2:03PM |



**ORDERED in the Southern District of Florida on February 9, 2015.**

Raymond B. Ray, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                               Case No. 14-24390-RBR
                               Chapter 7

ALI REZA ZARGARAN,

        Debtor.
_____/

KENNETH A. WELT, as Chapter 7 Trustee for        Adv. Pro. No. 14-01894-RBR
Ali Reza Zargaran,

        Plaintiff,

v.

ALI REZA ZARGARAN, MARYAM BAKER,
and ALI REZA ZARGARAN, M.D. PA.,

        Defendants.
_____/

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF
<u>LAW PURSUANT TO FED. R. BANKR. P. 9033</u>**

THIS MATTER came before the court for hearing on February 5, 2015, upon the Motion for Final Default Judgment as to All Defendants [ECF No. 20] (the *"Motion"*) filed by Kenneth A. Welt, the chapter 7 trustee (the *"Plaintiff"*). The Motion seeks a default final judgment against defendants ALI REZA ZARGARAN (the *"Debtor"*), MARYAM BAKER (the *"Wife"*), and ALI REZA ZARGARAN, M.D. PA. (the *"Practice,"* and collectively with Debtor and Wife, the *"Defendants"*) The Court, having reviewed the Motion, the case file, the attached affidavit of Kenneth A. Welt, the affidavits of service filed in the case and attached to the Motion for a Clerk's Default, and being duly informed in the premises, makes the following proposed findings of fact and conclusions of law.

## FINDINGS OF FACT

Because this matter concerns the entry of a default judgment, the Court treats all the well-pled allegations in the complaint [ECF No. 1] (the *"Complaint"*) as true. Thus, the Court finds that:

### Parties

The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014 (the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*). The Practice is a Florida for-profit professional corporation with its principal place of business in Broward County, Florida. Debtor is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida. Wife is *sui juris*, over the eighteen years of age, and a resident of Broward County, Florida.

**Service of Process**

On December 16, 2014, this adversary proceeding began through the filing of a complaint. (the **"Complaint"**). On December 17, 2014, the clerk issued a summons (the **"Summons"**) as to all three Defendants. The Summons set forth that a responsive pleading to the Complaint must be served by January 16, 2015.

On December 18, 2014, the Summons and Complaint were served upon Ali Reza Zargaran by delivering a copy of the Summons and of the Complaint to Ali Reza Zargaran, personally, at 10431 Springcroft Court, Helotes, TX 78023, where he currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 18, 2014, the Summons and Complaint were served upon Maryam Baker by delivering a copy of the Summons and of the Complaint to Maryam Baker, personally, at 10431 Springcroft Court, Helotes, TX 78023, where she currently resides, in accordance with Fed. R. Civ. P. 4(e)(2)(A), as integrated by Fed. R. Bankr. P. 7004(a)(1).

On December 19, 2014, Ali Reza Zargaran, M.D., P.A. was served via postage prepaid, U.S. first class mail, pursuant to Fed.R.Bankr.P. 7004(b)(3) to the address maintained by Ali Reza Zargaran, M.D., P.A.

**Actions which form the basis of the Plaintiff's Complaint**

In June 1993, the Debtor incorporated the Practice. Prior to the Petition Date, the Debtor was the sole shareholder in the Practice. The Practice's sole business was the operation of a medical practice.

At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*). For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor. For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

The Debtor had previously filed two (dismissed) bankruptcy petitions prior to the Petition Date.  On October, 12, 2010 the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 10-40996, which was dismissed on November 2, 2010. On December 16, 2013, the Debtor filed a petition under chapter 13 of the Bankruptcy Code, as Case No. 13-39741, which was dismissed on March 12, 2014. On the Petition Date, June 24, 2014, the debtor filed the instant chapter 11 petition (the *"Petition"*).

The Debtor appears to have filed each of the petitions to delay foreclosure sales of his home. As evidenced by the repeat filings and dismissals, it is apparent that the Debtor sought to delay enforcement of secured creditors' rights, rather than any real attempt to reorganize his debts.

By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the *"Scheduled Description"*).

Pursuant to even the Debtor's Scheduled Description, the share in the Practice (the *"Share"*) had (at least) a book value of $526,108.39. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

On October 2, 2014, the United States Trustee (the *"UST"*) filed his *Motion to Convert or Dismiss Case* (the *"UST Motion"*). On October 17, 2014, and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted. The UST Motion was set for hearing on October 23, 2014.

That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

      a)    A $462,489.53 transfer to Cornerstone Title San Antonio (the *"Cornerstone Transfer"*); and

      b)    A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the *"Broadway Transfer"*).

On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the *"Second Broadway Transfer"*). [1]

The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86. By the time the order converting the case (the *"Conversion Order"*) was

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the *"Transfers."*

entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless. The Court finds that the Debtor, with intent to hinder, delay, or defraud the Trustee or the Estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed the value of the Share post-petition.

The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and wife of the real property (***"Real Property"***) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20. 66. The Debtor and Wife took record title to the Real Property as community property after the filing of the Petition, but before the Conversion Order. The Broadway Transfer and Second Broadway Transfer were made to an account at Broadway National Bank owned or controlled by the Debtor.

The Court finds that at all material times, the Debtor has exercised complete dominion and control of the Practice. The Court finds that the Debtor has always had signature authority over the Investment Account, and the assets of the Investment Account were used for the Debtor, not the Practice's benefit. Thus, the Court concludes that the Debtor has disregarded the corporate formalities of the Practice, and the Court finds that the Practice is the Debtor's alter ego, and thus all the assets of the Practice are owned by the bankruptcy Estate under 11 U.S.C. § 541.

The Court also finds that there is a degree of difficulty in segregating and ascertaining the individual assets and liabilities of the Debtor and the Practice. The Court finds that the Debtor has commingled the assets of Practice with his own assets; that there is a unity of interest in the Practice given that the Debtor owned the Practice;

and that the Debtor has transferred assets of the Practice without formal observance of corporate formalities.

Specifically, the Court finds that the finances of the Debtor and the Practice are so intermingled that administration of the Debtor's bankruptcy estate without the Practice would leave creditors of the Debtor without assets and avoidance actions that the Debtor's creditors could use to satisfy debts owed to them. Thus, the Court concludes that substantive consolidation is necessary to ensure the equitable treatment of all creditors.

Furthermore, because the assets of the Practice were assets of the estate, the Court finds that the Transfers were post-petition transfers of property of the estate, were not authorized by the Bankruptcy Code or an order of the Court, and the Debtor and Wife were transferees of the Transfers.

As to the fiduciary duty claims, the Court finds that as a director of the Practice, the Debtor had a duty to the Practice's shareholders. At the time of the Transfers, the chapter 11 estate was the shareholder of the Practice. Accordingly, the Debtor had a fiduciary duty to its shareholder, the Estate. The Debtor held the same duty to the Estate as a Debtor in Possession. The Debtor breached that duty by making the Transfers, which benefitted himself and his wife, but not the Estate. Since the sum total of the Transfers equals $875,161.83, the damages to the Estate are $875,161.83.

As to the §363(h) sale count, the Court finds that partition in kind of the Real Property between the Estate and Wife is impractical. The Real Property is a single family home, such that there is no practicable manner of partition of such property, other than a sale and division of the proceeds, and the Real Property cannot be subdivided.

The Court finds that the sale of the estate's interest in the Real Property would realize significantly less for the estate than the sale of such property free of the interest of Wife. Thus, the Court concludes that the benefit to the estate of a sale of the Real Property free of the interest of Wife outweighs the detriment, if any, to Wife. The Court also finds that the Real Property is not used in the production, transmission or distribution, for sale, of electric energy, or of natural or synthetic gas for heat, light, or power.

As part of the Conversion Order, the Debtor was required to:

a)   immediately turn over to the chapter 7 trustee all records and property of the estate under his custody and control;

c)   by December 10, 2014, file an accounting of all receipts and distributions made. A copy of this report must be served on the U.S. Trustee; and

d)   file, by November 24, 2014, a schedule of unpaid debts incurred after the commencement of the chapter 11 case as required by Bankruptcy Rule 1019(5) and a supplemental matrix and certification.

e)   file, by November 24, 2014, the statements and schedules required by Bankruptcy Rule 1019(1)(A) and Bankruptcy Rule 1007(c) and in accordance with Local Rule 1019-1(B);

f)   file, by November 24, 2014, the Official Bankruptcy Form 22 A "Statement of Current Monthly Income and Means Test Calculation for Use in Chapter 7 Only", payment advices and, the certificate and debt repayment plan, if any, required by §521(b), a certification under §109(h)(3) or a request for a determination by the court under 109(h)(4).

g)   file, by December 10 2014, a statement of intention with respect to retention or surrender of property securing consumer debts conforming to Official Form 8.

The Court finds that the Debtor did not comply with a single one of the above-referenced requirements.

Finally, at the hearing, the Trustee requested that the Court take judicial notice of the *Full Case Summary of Bexar County District Court Case* [ECF No. 23]. The Court, having taken judicial notice of the Case Summary, finds that Ali Reza Zargaran has

changed his name to Moshe Goldsmith, thus proposes that any judgment against Ali Reza Zargaran be entered against Ali Reza Zargaran n/k/a Moshe Goldsmith.

## CONCLUSIONS OF LAW

First, the Court makes the following conclusions of law:

1.    Service of process comports with due process and Fed. R. Bankr.P. 7004.

2.    By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service." Trading publicly traded securities in an investment account is not a 'professional service.'

2.    As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

3.    As a Director of the Practice, the Debtor had a duty to the Practice's shareholders.

4.    Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor. Accordingly, the interest of both the Debtor and the Wife in the Real Property is property of the Estate under § 541. Accordingly, title to the Real Property is properly held by the Estate only.

### Jurisdiction and Venue

This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).  The Plaintiff has asked, without admitting, that the matter be treated as a constitutionally non-core matter. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Analysis Concerning Default Judgments

The entry of a default judgment against a defendant is a severe remedy. *See, e.g., E.F. Hutton & Co., Inc. v. Moffatt*, 460 F.2d 284, 285 (5th Cir. 1972). Where, as here, however, a party does not respond to a properly served complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. *See In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); *First City Nat'l Bank of Fort Worth v. Cook*, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

Since the defendants do not appear disposed to defend this action, a default judgment against defendants is appropriate. When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true, and this rule applies whether the complaint seeks legal and/or equitable relief. *Fed. Trade Comm'n v. Kitco of Nevada, Inc.* 612 F. Supp. 1282 (D.C. Minn. 1985).

## Conclusions as to Judgment

Thus, the Court concludes that the Plaintiff is entitled to a default final judgment on each count. As a result, the assets of the Practice are deemed assets of the Estate, and the Practice is to be substantively consolidated into the Estate. Furthermore, the Real Property is property of the Estate, and may be sold by the Plaintiff free and clear of any interest of Wife. The Real Property must be turned over to the Plaintiff by the Debtor and Wife.

The Court also determines that the Plaintiff has suffered damages on account of Count IX, X, XI, and XII in the amount of $875,161.83 for which the Debtor is liable. Of that portion, the Debtor and Wife are jointly and severally liable for $462,489.53 on account of counts IX and X. However, to the extent that the Plaintiff realizes any value from the sale of the Real Property, such amount must be credited against, first, the joint and several obligation of Debtor and Wife, and second, the portion for which only Debtor is liable.

Finally, the Court determines that the Debtor is not entitled to a discharge under 11 U.S.C. §§ 727(a)(2)(B) and (a)(6)(A).

Rule 9033 sets forth the procedure to follow with respect to proposed findings of fact and conclusions of law. Under Rule 9033, parties have 14 days after service of these proposed findings of fact and conclusions of law to "serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection."

###

**Submitted By:**
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
Counsel for Trustee Welt
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telefax: (305) 358-1221

**Copies Furnished To:**
Lawrence E. Pecan, Esquire, is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service.

CGFD81 (11/4/08)

# United States Bankruptcy Court
## Southern District of Florida
## www.flsb.uscourts.gov

**Case Number:** 14–24390–RBR                    **Adversary Number:** 14–01894–RBR

In re:

**Name of Debtor(s):** Ali Reza Zargaran

———————————————————————————/

**Kenneth A. Welt**

Plaintiff(s)

**VS.**

**Ali Reza Zargaran, Maryam Baker and Ali Reza Zargaran M.D. P.A.**

Defendant(s)

———————————————————————————/

# NOTICE OF ENTRY ON DOCKET OF PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Notice is hereby provided pursuant to Bankruptcy Rule 9033(a) that the proposed findings of fact and conclusions of law (copy attached) in the above referenced proceeding was entered on **2/11/15**.

**Dated: 2/11/15**                              **CLERK OF COURT**
                                                By: Desiree Grooms
                                                Deputy Clerk

The clerk shall serve this notice and a copy of the proposed findings of fact and conclusions of law on all parties of record.